**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| James Norman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **RE § 1915A SCREENING** |
| ) | |
| Dan Wrolstad, Tim Schuetzle, ) | |
| LeAnn Bertsch, Bob Coad, Corky ) | |
| Stromme, Marc Schwehr, Mary Materi, ) | |
| Brian Jorgenson, Pat Branson, and ) | Case No. 1:06-cv-010 |
| Jean Sullivan, in their individual and ) | |
| official capacities, ) | |
| ) | |
| Defendants. ) | |

## I.   BACKGROUND

Plaintiff, an inmate at the North Dakota State Penitentiary ("NDSP"), filed a *pro se* complaint with this court under 42 U.S.C. § 1983 alleging two counts of violations of his civil rights. He is suing the named defendants in both their individual and official capacities for actual damages, punitive damages, and his court costs.

Plaintiff paid the civil filing fee in full. The following is a report and recommendation with respect to the review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

## II.   DISCUSSION

### A.   Standard Governing Initial Review

When a prisoner seeks to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiff's complaint to

1

identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.

In conducting its § 1915A review, the court must keep in mind the admonition of the Eighth Circuit that *pro se* prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief "on any possible theory." Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). The court may not dismiss the complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

In this case, plaintiff alleges claims under 42 U.S.C. § 1983. To state a claim pursuant to 42 U.S.C.§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Claims identified**

       **1.      Count One - Violation of Eighth Amendment Rights**

In count one, plaintiff claims a violation of his Eighth Amendment rights arising out of an assault committed against him by another inmate. In support of his claim, he incorporates an extensive number of factual allegations. Although somewhat difficult to follow, it appears plaintiff is claiming that the defendants both created the opportunity for the assault that took place and failed to take appropriate action to prevent the assault when they knew he was in danger of being physically harmed. It is further alleged that the defendants acted with "deliberate indifference, willfully, wantonly, intentionally, and knowingly."

The Eighth Amendment against cruel and unusual punishment "requires prison officials to take responsible measures to guarantee the safety of inmates and to protect them from violence by other prisoners." Nei v. Dooley, 372 F.3d 1003, 1006 (8th Cir. 2004). "To prevail on their Eighth Amendment failure-to-protect claim, the inmates must show they are incarcerated under conditions posing a substantial risk of serious harm and the prison officials subjectively knew of and disregarded that safety risk." Id. The Eighth Circuit has articulated the test as a "prison official violates the eighth amendment if he or she 'acts with deliberate indifference to a substantial risk of harm to the prisoner.'" Blades v. Schuetzle, 302 F.3d 801, 803 (8th Cir. 2002) (quoting Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

To show deliberate indifference, a prisoner must prove two things: 1) "an objective component, whether there was a substantial risk of harm to the prisoner from another prisoner; and 2) a subjective component, whether the prison official was deliberately indifferent to that risk." Tobias v. Campbell, 202 F. Supp. 2d 934, 937 (E.D. Mo. 2001); Blades v. Schuetzle, 302 F.3d at 803. To prove the last prong of the two part test, a prisoner must prove facts created an inference that could be drawn that there was a substantial risk of serious harm to the inmate "and that official drew that inference." Blades v. Schuetzle, 302 F.3d at 803

A court must be cognizant, however, that not "'every injury suffered by one prisoner at the hands of another . . . . translates into constitutional liability for prison officials.'" Id. (quoting Farmer v. Brennan, 511 U.S. at 834). Prison officials must only take "'reasonable measures to abate substantial risk of serious harm, of which the officials are aware.'" Id. (quoting Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995)). This standard does not require the indefinite segregation of all "'inmates whose original crimes suggest they might be capable of further violence.'" Id. at 803-04

3

(quoting Curry v. Crist, 226 F.3d 974, 978 (8th Cir. 2000)).  In this same regard, a prison does not need to segregate inmates indefinitely that may be targeted by other inmates because of the nature of their underlying conviction.  A prison houses individuals that have not been able to conform to the rules and obligations of society.  Within a prison, "threats between inmates are common and do not, in every circumstance, serve to impute actual knowledge of a substantial risk of harm." Id. at 804 (internal quotes omitted).  Therefore, the pertinent time to determine the "relevant prison official's knowledge [is] the time in question, not with hindsight's perfect vision." Id. (quoting Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998)).

In this case, there appears to be substantial proximate cause issues with respect to the acts that the defendants are alleged to have committed and the assault that took place.  Nonetheless, keeping in mind the Eighth Circuit's admonition that *pro se* prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief on any possible theory, it appears plaintiff has stated a cognizable Eighth Amendment claim as a matter of law and that it cannot be said at this point that there is no set of facts that plaintiff can prove that would demonstrate an entitlement to relief.  Consequently, plaintiff should be permitted to proceed with his claim of violation of Eighth Amendment rights.

    **2. Count Two - Violation of the Fourteenth Amendment**

In count two, plaintiff claims the defendants had a duty, under N.D.C.C. §§ 12-47-01, 12-47-11, 12-47-16, 12-47-23, and 12-47-26, to provide him "safekeeping, security, and protection."  In the heading of this claim, he makes reference to a violation of the Fourteenth Amendment and references a liberty interest. Reading the two together, it appears what plaintiff is claiming is that the referenced statutes created a liberty interest protected by the Due Process Clause of the

4

Fourteenth Amendment and that this liberty interest was violated by the defendants in the same manner as alleged in count one. Given the close nexus between counts one and two and the fact the same parties are involved, plaintiff should be allowed to proceed with this claim as well. Whether there is a legal entitlement to a claim on this basis can be sorted out after the parties have had the opportunity to brief the issue.

### 3. Claims against the defendants in their official capacities

It is well-established that a suit under § 1983 against state employees acting in their official capacities is a suit against the state and that the state has immunity under the Eleventh Amendment for any claims of damages. E.g., Quern v. Jordan, 440 U.S. 332 (1979); Edelman v. Jordan, 415 U.S. 651 (1974); Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999). In this case, all of the named defendants are employed at the North Dakota State Penitentiary, which makes them state employees. Further, the only relief that plaintiff would be entitled to should he prevail is money damages. Consequently, plaintiff should not be allowed to proceed against the defendants in their official capacities.

### III. CONCLUSION AND RECOMMENDATION

Having conducted an initial review of plaintiff's amended complaint and viewing the mentioned claims in a light most favorable to the plaintiff, it is hereby **RECOMMENDED**:

1. Plaintiff be permitted to proceed with the complaint as filed alleging claims of violation of the Eighth and Fourteenth Amendments against the named defendants, but only in their individual capacities.

2. Plaintiff not be permitted to proceed against the named defendants in their official capacities and that the official capacity claims be dismissed.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken.

Dated this 17th day of March 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge