**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| James Norman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER RE MOTIONS TO COMPEL** |
| vs. ) | **AND MOTION TO "INTERVENE"** |
| ) | |
| Dan Wrolstad, et. al. ) | |
| ) | Case No. 1:06-cv-010 |
| Defendants. ) | |

**I.      BACKGROUND**

Plaintiff, an inmate at the North Dakota State Penitentiary ("NDSP"), filed a *pro se* complaint with this court under 42 U.S.C. § 1983 alleging two counts of violations of his civil rights resulting from allegedly being assaulted by another prison inmate.  After an initial screening pursuant to 28 U.S.C. § 1915A, plaintiff was permitted to proceed with his claims for violation of the Eighth and Fourteenth Amendments as to the ten named defendants in their individual capacities.

Before the court are plaintiff's motions to compel answers to interrogatories and document requests that were filed on October 2, October 20, and October 27, 2006. (Docket Nos. 21, 24, 25, 26, 27, 29, 30, 31, 32, 33).  Also, before the court is plaintiff's motion to compel as to defendant Schuetzle - Second Set that was filed on April 19, 2007 (Docket No. 56).  The court held a telephone conference with the parties to discuss the outstanding discovery motions and other pretrial matters on May 18, 2007.

Finally, there is also before the court plaintiff's motion to "intervene" filed on May 10, 2007 (Docket No. 63).

1

## II. MOTIONS TO COMPEL

### A. Motion to compel defendant Bertsch (Doc. No. 27)

Plaintiff's motion is granted as follows:

1. <u>Document request no. 1 relating to Michael Myers prison file</u>: provide copies of all disciplinary reports and sanctions within five years preceding assault on Norman <u>in</u> <u>camera</u> to the court without service upon the plaintiff for further consideration of relevancy and other objections.

2. <u>Document request no. 2 relating to grievance filed by inmate Thurn on inmate Michael Meyers</u>: provide copies of all disciplinary reports and sanctions <u>in</u> <u>camera</u> to the court without service upon the plaintiff for further consideration of relevancy and other objections.

3. <u>Document request no. 3 relating to photos and videos</u>: provide copies of all photos to the plaintiff.

4. <u>Document request no. 4 re investigation into assault on Norman by Meyers</u>: identify which documents have already been provided or disclosed and provide <u>in</u> <u>camera</u> to the court, without service upon the plaintiff, copies of all other documents that have been generated in the investigation of the assault upon Norman and the charges against Meyers that have not been disclosed.

5. <u>Document request no. 18 relating to Jeremy Bryant's prison file</u>: provide copies of all disciplinary reports and sanctions within five years of the assault upon Norman <u>in</u> <u>camera</u> to the court without service upon the plaintiff for further consideration of relevancy and other objections.

6. <u>Document request no. 19 relating to personnel records of Marc Schwehr</u>: provide copies of investigations and adverse personnel actions relating to plaintiff, if any, <u>in camera</u> to the court

The court agrees that plaintiff has <u>not</u> demonstrated that the information requested by the following interrogatories is likely to lead to the discovery of relevant evidence: 1, 3, 4, 5, 9, 10, 16, and 17. The same applies to document request nos. 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 20. All other discovery requests were properly responded to. The motion to compel is denied as to any other requests.

**B.  Motion to compel defendant Schuetzle (Doc. No. 24)**

Plaintiff's motion is granted as follows:

1. <u>Document request nos 1-4</u>: same as above for defendant Bertsch.

2. <u>Document request no. 8 relating to east cell block logs from 9/1/05 through 9/28/05</u>: provide copies of any portions of the logs that mention Norman, Meyers, or any threats of assault against Norman along with complete copies with any necessary redactions for the dates of 9/21 and 9/22. To the extent that the material is deemed to raise security or other concerns, the material may be submitted <u>in camera</u> to the court without service upon the plaintiff for further consideration of safety and security objections.

3. <u>Document request no. 23 relating to personnel records of Mary Materi</u>: provide copies of investigations and adverse personnel actions relating to plaintiff, if any, <u>in camera</u> to the court without service upon the plaintiff for further consideration of relevancy and other objections.

4.   <u>Document request no. 24 relating to personnel records for Marc Schwehr</u>: previously covered with respect to defendant Bertsch.

5.   <u>Document request no. 31 relating to personnel files for Dan Wrolstad</u>:  provide copies of investigations and adverse personnel actions relating to plaintiff, if any, <u>in camera</u> to the court without service upon the plaintiff for further consideration of relevancy and other objections.

The court agrees that plaintiff has <u>not</u> demonstrated that the information requested by the following interrogatories is likely to lead to the discovery of relevant evidence:  1, 3, 4, 13, 14, and 18.  The same applies to document request nos. 6, 7, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 27, 28, 29, 30, 32.  All other discovery requests were properly responded to.  The motion to compel is denied as to any other discovery requests.

**C.   Motion to compel defendant Coad (Doc. No. 26)**

Plaintiff's motion is granted as follows:

1.   <u>Interrogatory No. 10 requesting in part a list of staff involved in the investigation involving the assault upon Norman</u>:  provide an answer as to the staff that were involved in the investigation.

2.   <u>Interrogatory No. 16</u>:  provide an answer to the interrogatory or other appropriate response if the premise of the question is untrue.

3.   <u>Document request nos 1-4</u>:  same as above for defendant Bertsch.

4.   <u>Document requests 15, 20, & 21</u>: have been already addressed above with respect to other defendants.

The court agrees that plaintiff has <u>not</u> demonstrated that the information requested by the following interrogatories is likely to lead to the discovery of relevant evidence: 1, 3, 4, 12, 13, and 18. The same applies to document request nos: 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 22, and 23. All other discovery requests were properly responded to: The motion to compel is denied as to any other discovery requests.

### D.  Motion to compel defendant Branson (Doc. No. 33)

The court agrees that plaintiff has <u>not</u> demonstrated that the information requested by the following interrogatories is likely to lead to the discovery of relevant evidence: 1, 8, 14, 15, and 16. The same applies to document request nos. 2, 3, and 4. All other discovery requests were properly responded to. The motion to compel is denied as to any of the discovery requests.

### E.  Motion to compel defendant Stromme (Doc. No. 25)

Plaintiff's motion is granted as follows:

1. <u>Document request nos 1-4</u>: same as above for defendant Bertsch.

2. <u>Document request no. 6 relating to statements made by Norman concerning the assault upon him</u>: produce to plaintiff if there are any.

3. <u>Document request no. 8 relating to all paperwork filed by prison officials with the Burleigh County States's Attorney for the prosecution of Meyers with respect to the assault upon Norman</u>: provide copies of the requested documents <u>in camera</u> to the court without service upon the plaintiff for further consideration of relevancy and other objections.

4. <u>Document requests 18, 19, 20, & 22</u>: have been already addressed above with respect to other defendants.

The court agrees that plaintiff has <u>not</u> demonstrated that the information requested by the following interrogatories is likely to lead to the discovery of relevant evidence: 1, 3, 4, 5, 13, and 14,  The same applies to document request nos. 10, 11, 12, 13, 14, 15, 16, 13, 14, 15, 16, 17 & 21.  All other discovery requests were properly responded to.  The motion to compel is denied as to any other discovery requests.

**F.     Motion to compel defendant Wrolstad (Doc. No. 21)**

Plaintiff's motion is granted as follows:

1. Interrogatories 8, 9, 10, 11 and document request no. 1:  the defendant shall answer the interrogatories, but provide the information requested for only the computer and restaurant management classes from 1/1/05 to 9/22/05.  Also, if lists are maintained for inmates in the referenced classes, provide copies of any such lists for the time period indicated.  The answers to interrogatories and documents shall be provided <u>in</u> <u>camera</u> to the court without service upon the plaintiff for further consideration of relevancy and other objections.

The court agrees that plaintiff has <u>not</u> demonstrated that the information requested by the following interrogatories is likely to lead to the discovery of relevant evidence:  1, 3, 4, 5, 6,  and 18.  The same applies to document request nos. 2, 3, and 4.  All other discovery requests were properly responded to.  The motion to compel is denied as to any other discovery requests.

**G.     Motion to compel defendant Sullivan (Doc. No. 32)**

Plaintiff's motion is granted as follows:

1. <u>Document request no. 3</u>: has already been addressed above with respect to other defendants.

The court agrees that plaintiff has not demonstrated that the information requested by the following interrogatories is likely to lead to the discovery of relevant evidence: 1, 7, 22.  The same applies to document request no. 2.  All other discovery requests were properly responded to.  The motion to compel is denied as to any other requests.

**H.     Motion to compel defendant Jorgenson (Doc. No. 31)**

Plaintiff's motion is granted as follows:

1. Interrogatory 19:  Provide an answer to the question.

The court agrees that plaintiff has not demonstrated that the information requested by the following interrogatories is likely to lead to the discovery of relevant evidence: 1 and 8.  The same applies to document request no. 2, and 3.  All other discovery requests were properly responded to.  The motion to compel is denied as to any other discovery requests.

**I.     Motion to compel defendant Schwehr (Doc. No. 30)**

Plaintiff's motion is granted as follows:

1. Document request no. 1, 2, and 3:  have already been addressed above with respect to other defendants.

The court agrees that plaintiff has not demonstrated that the information requested by the following interrogatories is likely to lead to the discovery of relevant evidence:  1, 4, and 5.  The same applies to document request no. 2, and 3.   All other discovery requests were properly responded to.  The motion to compel is denied as to any other discovery requests.

**J.     Motion to compel defendant Materi  (Doc. No. 29)**

Plaintiff's motion is granted as follows:

1. <u>Document request no. 2 and 3</u>: have already been addressed above with respect to other defendants.

The court agrees that plaintiff has <u>not</u> demonstrated that the information requested by the following interrogatories is likely to lead to the discovery of relevant evidence: 1 and 8. All other discovery request were properly responded to. The motion to compel is denied as to any other discovery requests.

**K.    Motion to compel defendant Schuetzle - second set (Doc. No. 56)**

Request no. 1 is denied in that no request for documents is actually made. The fact that Meyers claims he assaulted Norman because of grievances allegedly filed against him by Norman and the fact there is no record of any such grievances can suggest a number of things including that Meyers was not telling the truth or that he was concerned about verbal complaints made by Norman to staff that were not formal grievances. There are other possibilities as well.

Request nos. 2 and 4 relating to access to the investigation related to the assault by Meyer upon the plaintiff will be addressed later after the court reviews all of the investigation documents <u>in camera</u> to the extent that they have not already been disclosed in connection with the defendants' motion for summary judgment.

Request No. 3 relating in part to a "write-up" log against Norman. Norman should be provided with a copy of this document, if there is such a document, but only those portions relating to complaints made by Meyers, if any. If there are security or other concerns, the portions to be provided may be submitted first to undersigned <u>in camera</u> to address the concerns.

Request 5 is already the subject of earlier motions to compel and will be addressed after the court reviews the material <u>in camera</u>.

**L.     Comments and response deadlines**

The court appreciates the concern of prison officials about security concerns and also about not having certain documents being circulated among the prison population even if plaintiff is permitted to view the material. As to the material to be submitted in camera, the court will not allow it to be disclosed until there is a further opportunity to object and comment. Also, the court will consider reasonable alternatives for the handling of certain of the material, such as plaintiff being allowed to access and work with the material at a restricted location, but not being allowed to remove the material from that location. Finally, the material that the court has ordered to be produced in camera may very well not be relevant, but the court cannot make a final judgment until the material is actually reviewed.

The defendants shall provide the material to the plaintiff or to the court in camera within fifteen days of the date of this order.

**III.    MOTION TO INTERVENE**

Plaintiff's motion to "intervene" dated May 10, 2007, (Docket No. 63) is denied.

   **IT IS SO ORDERED.**

Dated this 12th day of June, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge