**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| James Norman, | ) | |
| | ) | |
| Plaintiff, | ) | **ADDITIONAL ORDER RE** |
| | ) | **MOTIONS TO COMPEL BASED ON** |
| vs. | ) | **THE COURT'S PRELIMINARY** |
| | ) | **REVIEW OF DISCOVERY *IN CAMERA*** |
| Dan Wrolstad, et. al. | ) | |
| | ) | Case No. 1:06-cv-010 |
| Defendants. | ) | |

Plaintiff, an inmate at the North Dakota State Penitentiary ("NDSP"), filed a *pro se* complaint with this court under 42 U.S.C. § 1983 alleging two violations of his civil rights resulting from allegedly being assaulted by another prison inmate.   After an initial screening pursuant to 28 U.S.C. § 1915A, plaintiff was permitted to proceed with his claims for violation of the Eighth and Fourteenth Amendments as to the ten named defendants in their individual capacities.

On June 12, 2007, the court issued an order pursuant to the plaintiff's motions to compel granting the motions in part, but requiring only that the responses be filed *in camera* given the concerns raised by the defendants regarding confidentiality, institutional order, and the security of other inmates.  The court has now reviewed the material submitted *in camera* and makes this additional order.

Generally speaking, some of the material filed *in camera* appears on its face to raise legitimate concerns for institutional safety and confidentiality.  With respect to other materials, however, it is not so clear and further explanation is required from the defendants.  And, with regard to still other materials, the court's preliminary impression is that the information can and should be

1

disclosed, although possibly in summary form or with redactions and also possibly subject to controls on the manner in which the information is viewed, used, and kept by the plaintiff.

In addition, there is the question of the timing of any required disclosures. It may be that some of the information, if it needs to be disclosed, does not have to be disclosed until after the court rules on the pending motion for summary judgment either because the information is not pertinent to the motion or because the court may be prepared to draw any necessary inferences in favor of the plaintiff that are required based upon the court's review of the information.

Based on the foregoing, the court will conduct an additional conference with the parties to discuss these and other matters. During the conference, there may be times that the court may talk separately with the attorney if the court believes that the discussion on a particular point would result in the premature disclosure of information that is claimed to be confidential or privileged. Any separate conference with the attorney for the defendant, however, will be on the record. The record will be sealed, but it will be available for any reviewing court to consider.

If the defendants are going to contend that any of the information submitted to the court *in camera* is absolutely privileged and confidential, such that it should not be disclosed under any circumstances - no matter how relevant it is to the plaintiff's claim of violation of civil rights, the defendants should be prepared to discuss this point and support any claim of absolute privilege with citation to case and other authority.

In order to help focus the discussion, the court offers a number of additional comments with regard to the specific discovery requests that are still at issue. But, before that, the court believes it would be helpful to once again remind the parties of what must ultimately be proved by the

2

plaintiff in order to prevail and also to discuss what must be shown at the summary judgment stage.

During in its initial screening of the case, the court stated the following:

> The Eighth Amendment prohibition against cruel and unusual punishment "requires prison officials to take responsible measures to guarantee the safety of inmates and to protect them from violence by other prisoners." Nei v. Dooley, 372 F.3d 1003, 1006 (8th Cir. 2004). "To prevail on their Eighth Amendment failure-to-protect claim, the inmates must show they are incarcerated under conditions posing a substantial risk of serious harm and the prison officials subjectively knew of and disregarded that safety risk." Id. The Eighth Circuit has articulated the test as a "prison official violates the eighth amendment if he or she 'acts with deliberate indifference to a substantial risk of harm to the prisoner.'" Blades v. Schuetzle, 302 F.3d 801, 803 (8th Cir. 2002) (quoting Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).
>
> To show deliberate indifference, a prisoner must prove two things: 1) "an objective component, whether there was a substantial risk of harm to the prisoner from another prisoner; and 2) a subjective component, whether the prison official was deliberately indifferent to that risk." Tobias v. Campbell, 202 F. Supp. 2d 934, 937 (E.D. Mo. 2001); Blades v. Schuetzle, 302 F.3d at 803. To prove the last prong of the two part test, a prisoner must prove facts created an inference that could be drawn that there was a substantial risk of serious harm to the inmate "and that official drew that inference." Blades v. Schuetzle, 302 F.3d at 803
>
> A court must be cognizant, however, that not "'every injury suffered by one prisoner at the hands of another . . . . translates into constitutional liability for prison officials.'" Id. (quoting Farmer v. Brennan, 511 U.S. at 834). Prison officials must only take "'reasonable measures to abate substantial risk of serious harm, of which the officials are aware.'" Id. (quoting Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995)). This standard does not require the indefinite segregation of all "'inmates whose original crimes suggest they might be capable of further violence.'" Id. at 803-04 (quoting Curry v. Crist, 226 F.3d 974, 978 (8th Cir. 2000)). In this same regard, a prison does not need to segregate inmates indefinitely that may be targeted by other inmates because of the nature of their underlying conviction. A prison houses individuals that have not been able to conform to the rules and obligations of society. Within a prison, "threats between inmates are common and do not, in every circumstance, serve to impute actual knowledge of a substantial risk of harm." Id. at 804 (internal quotes omitted). Therefore, the pertinent time to determine the "relevant prison official's knowledge [is] the time in question, not with hindsight's perfect vision." Id. (quoting Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998)).

In this case, plaintiff makes a number of allegations of wrongful conduct on the part of the defendants, but the alleged wrongful conduct, if it occurred, is only relevant if it can be tied to the assault on the plaintiff that is the basis for his Eighth Amendment "deliberate indifference" claim. In other words, simply proving discrete acts of wrongful conduct that cannot be shown to be a proximate cause of the assault is not enough. Also, even if certain of the challenged conduct is arguably related to the assault, plaintiff must be able to show at the summary judgment stage that there are material facts in dispute from which a finding could be made that one or more of the defendants acted in a manner "deliberately indifferent" to the plaintiff's safety. The presence of disputed material facts suggesting that one or more of the defendants may have been simply negligent, as opposed to deliberately indifferent, is not sufficient.

Finally, it is plaintiff's burden to show with respect to <u>each</u> defendant that the individual defendant was deliberately indifferent. If this burden is not met, the defendants for whom the required showing has not been made are entitled to be dismissed from the case.

The following are the court's additional comments regarding the material that was submitted for *in camera* inspection or that was ordered separately disclosed to the plaintiff:

**A.      Motion to compel defendant Bertsch (Doc. No. 27)**

1.      <u>Document request no. 1 relating to Michael Meyers prison file</u>.

The court required defendant Bertsch to submit for *in camera* inspection any documents relating to disciplinary actions taken against inmate Meyers, who committed the assault on the plaintiff. The court has reviewed this material. Putting aside for the moment the documents relating to the assault upon the plaintiff, the remaining material relating to Meyer's disciplinary actions does not appear to contain information relating specifically to the plaintiff. However, it

does contain information and material from which a fact finder could <u>possibly</u> conclude that Meyers was a potential threat to other inmates - particularly those who filed grievances against him or who were viewed by Meyers and other prisoners as being "snitches.  Also, there may be information in the documents relevant to the issue of which of the defendants knew or should have known of any threat posed by Meyers given his past history of assaultive behavior.  Consequently, the court's preliminary conclusion is that some of the information from the documents relating to the disciplinary actions taken against Meyers is relevant and should be disclosed at some point, although not all of it is relevant.  For example, the identify of the prisoners involved in the other assaults and any confidential information use in the disciplinary process would not be relevant.

Consequently, in addition to any claims of absolute confidentiality or privilege that may be asserted, the defendants should be prepared to discuss alternatives to disclosing the information relating to the disciplinary actions taken against Meyers, including the possibility of providing summary information and/or redactions of the key documents.  Likewise, plaintiff should be prepared to discuss what plaintiff believes can be shown by the information and what information is necessary for his case.

      2.    <u>Document request no. 2 relating to grievance filed by inmate Thurn on inmate Michael Meyers.</u>

The court is not certain it has received these documents, if any exist, and the defendants should be prepared to address this issue along with the details of any objections to this requested material.

      3.    <u>Document request no. 3 relating to photos and videos.</u>

The court has been provided with copies of certain photographs taken of the plaintiff showing his injuries. At some point, these are obviously relevant to the proceeding. The defendants should be prepared to discuss the timing and manner of the disclosure to the plaintiff if the same have not already been disclosed.

    4.    <u>Document request no. 4 re the investigation into assault on Norman by Meyers</u>.

The material relating to the investigation of the assault upon the plaintiff is also discoverable, absent some particular concern regarding confidentiality or, perhaps, protection of any informants. Further, it appears that much of the material provided to the court *in camera* relating to the investigation has already been disclosed in connection with the motion for summary judgment made by the defendants. Consequently, the defendant should be prepared to discuss why any of the material that has not been disclosed should not be disclosed, as well as redaction alternatives.

    5.    <u>Document request no. 18 relating to Jeremy Bryant's prison file</u>.

The court has reviewed the disciplinary action material related to inmate Bryant. There is nothing in the material that relates either to the plaintiff or inmate Meyers. The plaintiff should be prepared to discuss in more detail why this information is necessary to his case and what plaintiff intends to prove with the information.

    6.    <u>Document request no. 19 relating to personnel records of Marc Schwehr</u>.

It does not appear that any documents were provided by the defendants, except ones relating to the grievance made by the plaintiff against Mr. Schwehr. This may be because there are no other documents responsive to what the court ordered to be filed. The defendants should be prepared to confirm that there are no other responsive documents within the scope of the court's prior order and

what information, if any, can be disclosed by redaction or otherwise with respect to the grievance filed by the plaintiff against Mr. Schwehr.

**B.      Motion to compel defendant Schuetzle (Doc. No. 24)**

1.      <u>Document request no. 8 relating to east cell block logs from 9/1/05 through 9/28/05</u>.

The only thing provided to the court *in camera* is one page that contains part of the log for 9/21/05 and 9/22/05.  This may be responsive to the court's order, but defendants will be expected to confirm that this is the case.  Also, it appears the relevant log information has already been disclosed to the plaintiff in connection with the pending summary judgment motion.  The defendants will be expected to confirm that as well.

2.      <u>Document request no. 23 relating to personnel records of Mary Materi</u>.

It does not appear that any documents were provided to the court with respect to this item. The defendants will be expected to confirm that there are no responsive documents specific to what the court required to be filed.

3.      <u>Document request no. 31 relating to personnel files for Dan Wrolstad</u>.

No documents appear to have been provided.  The defendants will be required to confirm that there are no responsive documents.

**C.      Motion to compel defendant Coad (Doc. No. 26)**

1.      <u>Interrogatory No. 10 requesting in part a list of staff involved in the investigation involving the assault upon Norman</u>.

2.      <u>Interrogatory No. 16</u>:

The defendants should confirm that the foregoing material was separately provided to the plaintiff to the extent required by the court.

**D.      Motion to compel defendant Branson (Doc. No. 33)**

Nothing to address.

**E.      Motion to compel defendant Stromme (Doc. No. 25)**

1.      <u>Document request no. 6 relating to statements made by Norman concerning the assault upon him</u>.

Defendants will be required to confirm that the information has been provided to Norman.

2.      <u>Document request no. 8 relating to all paperwork filed by prison officials with the Burleigh County States's Attorney for the prosecution of Meyers with respect to the assault upon Norman</u>.

As with the investigation reports for the assault on the plaintiff, it appears that most of this material is discoverable absent a particular claim of privilege or confidentiality.  The defendants should be prepared to discuss what can be provided and what, if anything. needs to be  redacted.

**F.      Motion to compel defendant Wrolstad (Doc. No. 21)**

1.      <u>Interrogatories 8, 9, 10, 11 and document request no. 1 relating to what which prisoners, including specifically identified prisoners, were members of a restaurant or computer class.</u>

Plaintiff claims in his complaint that certain grievances or complaints that he made to prison authorities were passed around to other inmates in the computer class, including inmate Meyers. Meyers claims in his statement regarding the assault on the plaintiff that it was motivated, at least in part, by complaints plaintiff had made against him some six months prior to the assault.  The defendants should be prepared to address what harm would be suffered if the fact that a limited number of prisoners are identified as having been in the computer class during the time period claimed by the plaintiff to be relevant.

**G.      Motion to compel defendant Sullivan (Doc. No. 32)**

No additional items to address.

8

**H.      Motion to compel defendant Jorgenson (Doc. No. 31)**

   1.      <u>Interrogatory 19</u>:

The defendant should confirm that they answered the question.

**I.      Motion to compel defendant Schwehr (Doc. No. 30)**

No additional items to address.

**J.      Motion to compel defendant Materi  (Doc. No. 29)**

No additional items to address.

**K.      Motion to compel defendant Schuetzle - second set (Doc. No. 56)**

   1.      <u>Request nos. 2 , 4, and 5 have been addressed above   relating to the investigation of the assault by Meyers upon the plaintiff</u>

This has been addressed above.

   2.      <u>Request No. 3 relating in part to a "write-up" log against Norman</u>.

The parties should be prepared to further address this item.

The court's staff will be contacting the attorney for the defendants to set up a date for the additional conference.  The attorney for the defendants will be asked to come to the undersigned's chambers, and the plaintiff will be joined by telephone conference.

Dated this 13th day of August, 2007.

                                                   /s/ Charles S. Miller, Jr.
                                                   Charles S. Miller, Jr.
                                                   United States Magistrate Judge

9