IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| James Norman, | ) | |
| | ) | |
| Plaintiff, | ) | **ADDITIONAL ORDER RE** |
| | ) | **MOTIONS TO COMPEL** |
| vs. | ) | |
| | ) | |
| Dan Wrolstad, et. al. | ) | |
| | ) | Case No. 1:06-cv-010 |
| Defendants. | ) | |

On June 12, 2007, the court issued an order pursuant to the plaintiff's motions to compel granting the motions in part, but requiring only that the responses be filed *in camera* given the concerns raised by the defendants regarding confidentiality, institutional order, and the security of other inmates. After review of the material submitted *in camera,* the court issued another order dated August 13, 2007, and held a conference with the parties (with the plaintiff participating by telephone) on September 12, 2007, to further discuss the outstanding discovery requests and the material submitted *in camera*. The court set up the conference in such a fashion that the court would be able to consult separately with the attorney for the defendants, but on the record, to discuss any particular questions or justifications regarding claims of security or the need to keep information confidential. However, no separate conferences were required and the plaintiff remained connected by telephone for the entire conference.

For the reasons articulated on the record during the phone conference, the court concludes that the defendants have fully complied with the discovery requests that are the subject of the plaintiff's motions to compel, except as follows:

1. The defendants shall provide the plaintiff with "access" the following within ten days after the court rules on the pending motion for summary judgment if any part of the case goes forward: a summary of inmate Meyers's prison record for all disciplinary infractions, including a description of the nature of the assault along with any findings or conclusions as to whether the assault involved retaliation against an informant or "snitch,".

    For the purposes of this order, "access" shall mean a reasonable opportunity for the plaintiff from time-to-time being able to inspect and work with the disclosed information in preparation of his case and to make any copies for filing with the court. However, the plaintiff need not be given copies for his personal use and prison officials can impose reasonable restrictions to prevent the plaintiff from disseminating the information to other inmates or within the prison.

    In terms of the pending motion for summary judgment, the court will draw all inferences in favor of the plaintiff in terms of what the plaintiff represented to the court that he believes the disciplinary records show, including the inference that a fact finder could conclude that inmate Meyers represented a threat to other inmates, particularly when coupled with other credible information that Meyers was either planning or talking about committing an inmate assault. If the defendants do not believe that the summary of the records supports such an inference, they may disclose the summary immediately to the plaintiff so that both sides can argue what the record may or may not represent in terms of the pending motion for summary judgment.

2. The court has not yet concluded whether a similar summary of disciplinary action must be disclosed for inmate Jeremy Bryant. However, for purposes of summary judgment, the court will similarly draw all inferences in favor of the plaintiff. If the court orders disclosure of the summary, it will be on the same conditions as the disclosure for the inmate Meyers summary in terms of granting "access" only to the information. Likewise, the defendants can avoid the court necessarily having to draw required inferences, if any, in favor of the plaintiff by immediately giving the plaintiff "access" to a summary of Bryant's disciplinary record.

3. The defendants shall provide the plaintiff as soon as possible with a complete copy of the investigation report for the assault by inmate Meyers upon the plaintiff, except for the summary of Meyers's disciplinary record, which is dealt with above, and except for the portion of the report that constitutes a statement provided by another inmate. As to the latter, the statement by the other inmate must be disclosed, but the defendants may redact any information identifying the prisoner.

   As to the identity of the prisoner making the statement, the court concludes based on the present record that the interests of the safety of the prisoner and institutional security outweigh any interest in the plaintiff obtaining the information, particularly given its marginal relevancy in terms of the ultimate issue of proving "deliberate indifference" by any prison official since the statement was given to prison officials after the assault took place. If the plaintiff disagrees with this ruling, he must make a separate motion for disclosure of the name and provide additional justification for why the name must be disclosed.

4. The defendants shall also look for and disclose, except for any redactions that may reasonably be required, any additional investigation reports relating to the assault upon the plaintiff prepared by Officers Jorgenson or Mittelstedt. If any redactions are disagreed with by the plaintiff, he may move for additional relief.

5. The defendants shall review the prison log books for the period from 9/1/05 to 9/28/05 for entries having to do with any conversations between either Officer Materi and the plaintiff or Officer Materi and prisoner Alvin Englehardt ("Gator") regarding the possibility of an assault upon Norman and provide the plaintiff with "access" to the entries without redaction regarding the names involved in the relevant entries. If no log entries are disclosed, the court will accept as proved for purposes of summary judgment and at the trial, if the information is admissible, that Officer Materi did not log any conversations with the plaintiff or Alvin Englehardt regarding the possibility of an assault against the plaintiff. The court will accept this as having been proven in lieu of the defendants having to produce the entire logs for inspection so that the plaintiff can prove that the conversations were not logged.

6. The defendants shall provide the plaintiff a copy of the cover letter that accompanied the information sent to the Burleigh County States Attorney regarding the assault by inmate Meyers upon the plaintiff.

7. The defendants shall provide the plaintiff with "access" to the interrogatory responses submitted to the court *in camera* having to do with certain prisoners having attended certain educational classes.

8. Any information to which the plaintiff is granted "access" in accordance with this order may <u>not</u> be disclosed by the plaintiff, either orally or in writing, to any other inmate. Any violation of this order may result in sanctions, including dismissal of this action.

**IT IS SO ORDERED**

Dated this 17th day of September, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge