**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| James Norman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER RE PENDING MOTIONS** |
| vs. | ) | **TO COMPEL AND FOR SANCTIONS** |
| | ) | |
| Dan Wrolstad, et. al., | ) | |
| | ) | Case No. 1:06-cv-010 |
| Defendants. | ) | |

Before the court are additional motions to compel and for sanctions brought by the plaintiff James Norman.  The motions are addressed in the order as filed as follows.

**I.      Motion for correction of court's prior discovery order (Doc. # 78)**

Norman requests in this motion that the court correct its prior ruling regarding what documents the defendants are required to provide in terms of what was sent to the Burleigh County State's Attorney relating to the referral for prosecution of inmate Meyers.  Norman complains that the court only ordered to the defendants to turn over the cover letter.  The defendant's response to the motion that was filed as Doc. No. 81, however, correctly sets forth what transpired with respect to Norman's numerous discovery requests and makes clear that Norman was provided more than just the cover letter.  For the reasons set forth in the defendant's response, Norman's Motion for Correction at Doc. No. 78 is **DENIED**.

**II.     Motion to compel additional discovery from Defendant Schuetzle (Doc #79)**

Norman requested additional document discovery in a request made of defendant Schuetzle

1

on September 23, 2007, shortly after the court had ruled on Norman's prior discovery requests. Among other things, Schuetzle objected to the discovery on the grounds that deadline for discovery had passed.

The pretrial schedule in this case for completing discovery and filing certain motions was substantially impacted by the time it took the court to work its way through the earlier discovery issues, which was partly a function of the number of issues, the press of other business, and the additional time required to inspect certain of the discovery material *in camera* for the purpose of addressing the NDSP's legitimate security concerns.   Because of this, the court will overrule the time objections and allow Norman some of the requested discovery.  Also, the court  will allow the defendants an opportunity for additional discovery prior to trial if one is to be held, including a reasonable opportunity to depose Norman if they wish.  In addition, to the extent that Norman has raised a concern, the court will treat as timely the present motions for summary judgment on grounds of qualified immunity and the merits of Norman's claims.

As a consequence, the plaintiff's motion to compel at Doc. No. 79 is hereby **GRANTED** as follows:

1. Defendant Shuetzle shall provide a copy of the West Cell House log for 9/21/05. The defendant may redact any entry that does not pertain to Norman or inmate Michael Meyers.  If all items are redacted, it will then be assumed that there are no entries relevant to this case.

2. Any records or documents that reflect the contents of or document in anyway a conversation that occurred between defendant Schwehr and his lieutenant as described in defendant Schwehr's affidavit filed in this case.

2

3.      The daily log for the south housing unit for 9/21/05 and the morning of 9/22/05 prior to the assault upon Norman that mentions inmate Michael Meyers and/or Norman. The defendant may redact any entry that does not pertain to Norman or inmate Michael Meyers.  If all items are redacted, it will then be assumed that there are no entries relevant to this case.

4.      Any officers handbook or procedures manual that addresses any of the following subjects:

a.      The handling of threats made by one prisoner to another.

b.       Any requirements or procedures for making or reading entries in prison logs, including what items must be logged.

c.      The options that are available for dealing with inmates who are believed to be a risk to other inmates.

d.      Any written protocols or procedures for dealing with inmates who are considered to be a high risk of safety for other inmates.

The court understands the legitimate concerns that the NDSP has about this material being in circulation among the inmate population.  As a consequence, the material shall be filed or delivered to the undersigned for an *in camera* inspection under seal. If the court decides that any of the information is discoverable, the court will allow the defendant an additional opportunity to object and/or address security concerns before an order requiring disclosure is entered.

The defendant will produce the requested information within two weeks of the date of this order unless good cause is shown why additional time is required.  The defendant shall provide the court

3

with copies of all documents produced directly to Norman and that do not need to be first reviewed by the court *in camera*. The court will docket copies as additional exhibits for consideration with respect to the pending summary judgment motions.

### III. Motion for sanctions (Doc. #80)

Norman's motion to compel at Doc. No. 80 is **DENIED**. The defendants asserts that the investigative reports to the extent that they exist have been produced. After considering the arguments of the parties and reviewing additional documents, there is no reason to believe that the defendants have not fully complied with their discovery obligations.

### IV. Motion to decide motions (Doc. #97)

In this motion, Norman requests that the court rule on the above discovery motions. This motion at Doc. No. 97 is **DENIED** as being moot.

### V. Additional discovery order

In addition, after consideration of the briefs and other material that have been filed in conjunction with the motions for summary judgment, there is one aspect of the earlier discovery requested by Norman that is now, perhaps, more relevant than what the court may have earlier assumed. Norman had previously requested copies of any grievances filed by inmate Craig Thurn regarding an incident in which inmate Meyers had cut a letter "C" on the back of his head when giving him a haircut. Without going back through all of the prior discovery responses and orders, the court's recollection is that it ordered any such documents to be filed under seal *in camera* with the court and that the defendants responded that there were not such documents. Given the affidavit filed by Craig Thurn, the court hereby **ORDERS** that the defendants make another attempt to locate any such records and if none can be found to file a written response to that effect for the record. If

any documents are found, they should be filed with the court under seal for the undersigned's *in camera* inspection.

**VI.    Additional scheduling conference**

Once the court rules on the pending summary judgment motions and if any of the case survives, the court will conduct an additional telephonic scheduling conference to pick a new trial date, set a date for a mandatory settlement conference, and to discuss time limits for any additional discovery that the court will permit prior to trial.

**IT IS SO ORDERED.**

Dated this 16th day of January, 2008.


/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge

5